UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

MIGUEL S. LAWSON,

    Plaintiff,

v.

CITY OF MIAMI BEACH,
OFFICER PHILIPPE ARCHER,
OFFICER NEILL FAGAN,
OFFICER MISHART TORRES,
MANGO'S TROPICAL CAFÉ, INC.,
EASTERN SUN CORPORATION d/b/a
MANGO'S TROPICAL CAFÉ, and
DAVID WALLACK REAL ESTATE, LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MIGUEL S. LAWSON, by and through his undersigned counsel, Wasserman & Thomas, P.A., sues Defendants, CITY OF MIAMI BEACH, OFFICER PHILIPPE ARCHER, OFFICER NEILL FAGAN, OFFICER MISHART TORRES, MANGO'S TROPICAL CAFÉ, INC., EASTERN SUN CORPORATION d/b/a MANGO'S TROPICAL CAFÉ and DAVID WALLACK REAL ESTATE, LLC and alleges as follows:

### JURISDICTION AND VENUE

1.    This action for money damages is brought pursuant to 42 U.S.C. § 1983, the First and Fourth Amendments to the United States Constitution, and under the common law of the State of

Florida, against the City of Miami Beach, Officer Philippe Archer, Officer Neill Fagan, Officer Mishart Torres, Mango's Tropical Café, Inc., Eastern Sun Corporation d/b/a Mango's Tropical Café and David Wallack Real Estate, LLC.

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this district because it is where the events complained of occurred.

4.  All conditions precedent to maintenance of this action have been performed or have occurred prior to the institution of this action, including those set forth in Chapter 768, Florida Statutes.

## PARTIES

5.  Plaintiff, Miguel S. Lawson, was at all times relevant to this Complaint a citizen of the United States and a resident of Brazil.

6.  Defendant, City of Miami Beach is a political subdivision of the State of Florida.

7.  Defendant police officers Philippe Archer, Neill Fagan and Mishart Torres were at all times relevant to this Complaint duly appointed and acting as officers of the City of Miami Beach Police Department, acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Miami Beach Police Department.

8.  At all material times, and in all of their acts described hereto, the above referenced Defendants were acting under color of state law and color of their authority as public officials and

public employees. At all times, Defendants were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally and state protected rights, as more particularized herein.

9. At all times material to this cause of action, Defendant, Mango's Tropical Café, Inc. was a Florida Corporation with its principal place of business in Miami, Florida, within the jurisdiction of this Court.

10. At all times material to this cause of action, Defendant, Eastern Sun Corporation d/b/a Mango's Tropical Café was a Florida Corporation with its principal place of business in Miami, Florida, within the jurisdiction of this Court.

11. At all times material to this cause of action, Defendant, David Wallack Real Estate, LLC was a Florida Limited Liability Company with its principal place of business in Miami, Florida, within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. Plaintiff, Miguel S. Lawson, a United States citizen, is an attorney who resides in Brazil.

13. In June 2008, Lawson was employed as Counsel for the law firm, Clifford Chance US, LLP in Sao Paulo, Brazil. Prior to June 19, 2008, Lawson had never been arrested.

14. On June 18, 2008, Lawson flew from Sao Paulo, Brazil to Miami, Florida en route to a business meeting in El Salvador.

15. In the evening hours on June 18, 2008, Lawson was a patron at the restaurant, Mango's Tropical Café on Miami Beach, which is owned and operated by Defendants, Mango's Tropical Café, Inc. and/ or Eastern Sun Corporation and/or David Wallack Real Estate, LLC.

16. The property at which Mango's Tropical Café is located is owned by Defendant, David Wallack Real Estate, LLC.

17. Lawson was a patron in Mango's Tropical Café until the early morning hours of June 19, 2008.

18. Upon Lawson's walking to the exit of Mango's Tropical Café, a restaurant manager and/or owner began following him.

19. After walking out of the exit of the restaurant onto public property, the manager and/or owner of Mango's Tropical Café confronted Lawson and advised him that he had been trespassing on the premises.

20. The manager and/or owner of Mango's Tropical Café then flagged down City of Miami Beach police officers, and alleged that Lawson had been trespassing and he was not wanted on the premises.

21. The restaurant manager and/or owner was acting within the course and scope of his employment and/or as an agent of Defendants, Mango's Tropical Café, Inc. and/ or Eastern Sun Corporation and/or David Wallack Real Estate, LLC.

22. The above Defendants, through the manager and/or owner contacted City of Miami Beach police officers to initiate a criminal complaint for trespassing against Lawson.

23. No probable cause existed for the prosecution of Lawson for any criminal act.

24. The manager and/or owner of Mango's Tropical Café acted willfully, deliberately and with malice in initiating the criminal complaint against Lawson.

25. While outside of Mango's Tropical Café on the public sidewalk, Lawson was confronted by City of Miami Beach police officers summoned by the restaurant manager and/or owner, including officers Philippe Archer, Neill Fagan and Mishart Torres.

26. While on the public sidewalk, the officers grabbed Lawson and ripped the back of his shirt in the process.

27. Lawson requested that the officers provide him with a reasonable articulable suspicion for his detention on public property.

28. Lawson advised the officers that he was a Harvard educated attorney and had studied with Barack Obama.

29. One of the police officers replied, "Fuck Obama, see if he can help you now."

30. Although no criminal act was committed in their presence, the officers handcuffed Lawson, arrested him, and threw him into the back of a police vehicle which took him to jail.

31. No probable cause existed for the police officers to arrest Lawson for any criminal act. A reasonable police officer should have known that pursuant to clearly established law, there was no legal basis to arrest Lawson.

32. The officers acted willfully, deliberately and with malice in arresting Lawson without probable cause and initiating the criminal proceeding.

33. The officers charged Lawson with Disorderly Conduct in an Establishment, an alleged violation of § 509.143, Florida Statutes, and Trespass on Property, an alleged violation of § 810.09, Florida Statutes.

34. As a result of the arrest, a criminal prosecution was initiated against Lawson in the County Court of Miami-Dade County, Case No. B-08-034061.

35. While incarcerated on June 19, 2008, Lawson was provided with a first appearance hearing in front of the Honorable Fred Seraphin.

36. Judge Seraphin found that no probable cause existed for the arrest of Lawson and dismissed the case.

37. Due to being arrested and incarcerated, Lawson missed an important business meeting for his employer in El Salvador, which caused him to lose income as an attorney.

38. As a direct and continuous result of the wrongful actions of Defendants, Lawson suffered the loss of liberty, pain and suffering, mental anguish, shame, embarrassment, humiliation, loss of capacity for the enjoyment of life and lost income. Further, he has suffered other pecuniary damages, including but not limited to reasonable attorneys' fees and costs.

Plaintiff, Lawson, demands judgment against Defendants and trial by jury of all matters triable by right thereof.

## COUNT I

### 42 U.S.C. § 1983 Fourth Amendment Violation
### against Defendants, Officer Archer, Officer Fagan and Officer Torres
### for False Arrest

39. Lawson realleges and reaffirms the allegations set forth in paragraphs 1 through 38 above as though fully set forth herein.

40. While Defendants, Officer Archer, Officer Fagan and Officer Torres were acting under color of law as police officers for the City of Miami Beach, they deprived Lawson of his rights secured under the Fourth Amendment to the United States Constitution.

41. Defendants unlawfully and without probable cause seized and arrested Lawson and caused formal criminal proceedings to be instituted against him based upon said unlawful seizure and arrest.

42. The conduct of Defendants violated Lawson's clearly established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

43. As a direct and continuous result of the wrongful actions of Defendants, Lawson suffered damages, including the loss of liberty, pain and suffering, mental anguish, shame, embarrassment, humiliation, loss of capacity for the enjoyment of life and lost income.

## COUNT II

### 42 U.S.C. § 1983 Fourth Amendment Violation
### against Defendants, Officer Archer, Officer Fagan and Officer Torres
### for Malicious Prosecution

44. Lawson realleges and reaffirms the allegations set forth in paragraphs 1 through 38 above as though fully set forth herein.

45. While Defendants, Officer Archer, Officer Fagan and Officer Torres were acting under color of law as police officers for the City of Miami Beach, they subjected Lawson to the

deprivation of rights secured to him under the Fourth Amendment to the United States Constitution by arresting him without probable cause.

46. Defendants acted willfully, deliberately and with malice in arresting Lawson without probable cause and initiating the criminal proceeding.

47. As a result of the arrest, a criminal prosecution was initiated against Lawson in the County Court of Miami-Dade County, Case No. B-08-034061.

48. While incarcerated on June 19, 2008, Lawson was provided with a first appearance hearing in front of the Honorable Fred Seraphin.

49. Judge Seraphin found that no probable cause existed for the arrest of Lawson and dismissed the case.

50. The conduct of Defendants violated Lawson's clearly established right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and for which 42 U.S.C § 1983 provides a remedy.

51. As a direct and continuous result of the wrongful actions of Defendants, Lawson suffered damages, including the loss of liberty, pain and suffering, mental anguish, shame, embarrassment, humiliation, loss of capacity for the enjoyment of life and lost income.

## COUNT III

### 42 U.S.C. § 1983 First Amendment Violation
### against Defendants, Officer Archer, Officer Fagan and Officer Torres
### for Retaliation

52. Lawson realleges and reaffirms the allegations set forth in paragraphs 1 through 38 above as though fully set forth herein.

53. While Defendants, Officer Archer, Officer Fagan and Officer Torres were acting under color of law as police officers for the City of Miami Beach, they deprived Lawson of the rights secured to him under the First Amendment to the United States Constitution.

54. Defendants unlawfully and without probable cause arrested Lawson. Such actions by Defendants were taken in retaliation for Lawson's lawful exercise of his rights under the First Amendment to the United States Constitution to request a legal reason for his detention.

55. The conduct of Defendants clearly violated Lawson's established right to free speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution and for which 42 U.S.C § 1983 provides a remedy.

56. As a direct and continuous result of the wrongful actions of Defendants, Lawson suffered damages, including the loss of liberty, pain and suffering, mental anguish, shame, embarrassment, humiliation, loss of capacity for the enjoyment of life and lost income.

## COUNT IV

### State Tort of False Arrest
### against Defendant, City of Miami Beach

57. Lawson realleges and reaffirms the allegations set forth in paragraphs 1 through 38 above as though fully set forth herein.

58. This is a cause of action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

59. Defendant City of Miami Beach is responsible for the conduct of the police officers in its employ.

60. On June 19, 2008, Lawson was arrested by City of Miami Beach officers who were acting in the course and scope of their duties as police officers.

61. Defendants, Officer Archer, Officer Fagan and Officer Torres, acting as police officers for Defendant City of Miami Beach, deprived Lawson of his freedom and liberty.

62. The restraint and arrest of Lawson was unlawful and unreasonable in that it was not based upon lawfully issued process of court.

63. As a result of the actions of the officers for which the Defendant City of Miami Beach is responsible, Lawson suffered damages, including the loss of liberty, pain and suffering, mental anguish, shame, embarrassment, humiliation, loss of capacity for the enjoyment of life and lost income.

64. Pursuant to §768.28, Florida Statutes, Plaintiff notified Defendant City of Miami Beach of this claim prior to the filing of this action and said claim was not resolved.

## COUNT V

### State Tort of Malicious Prosecution against Defendants, Mango's Tropical Café, Inc., Eastern Sun Corporation and David Wallack Real Estate, LLC

65. Lawson realleges and reaffirms the allegations set forth in paragraphs 1 through 38 above as though fully set forth herein.

66. This is a cause of action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

67. Mango's Tropical Café is owned and operated by Defendants, Mango's Tropical Café, Inc. and/ or Eastern Sun Corporation and/or David Wallack Real Estate, LLC.

68. The restaurant manager and/or owner acting within the course and scope of his employment and/or as an agent of Defendants contacted City of Miami Beach police officers to initiate a criminal complaint for trespassing against Lawson.

69. No probable cause existed for the prosecution of Lawson for any criminal act.

70. Defendants acted willfully, deliberately and with malice in initiating the criminal complaint against Lawson.

71. A criminal prosecution was initiated against Lawson in the County Court of Miami-Dade County, Case No. B-08-034061.

72. While incarcerated on June 19, 2008, Lawson was provided with a first appearance hearing in front of the Honorable Fred Seraphin.

73. Judge Seraphin found that no probable cause existed for the arrest of Lawson and dismissed the case.

74.     As a direct and continuous result of the wrongful actions of Defendants, Lawson suffered damages, including the loss of liberty, pain and suffering, mental anguish, shame, embarrassment, humiliation, loss of capacity for the enjoyment of life and lost income.

### **DEMAND FOR JURY TRIAL**

Plaintiff, LAWSON, demands trial by jury on all issues triable herein.

WHEREFORE, Lawson respectfully requests this Court to award:

    A.    Reasonable and appropriate compensatory damages;

    B.    Punitive damages against the individual police officer Defendants, as well as Defendants Mango's Tropical Café, Inc., Eastern Sun Corporation and David Wallack Real Estate, LLC;

    C.    Plaintiff's costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    D.    Such other and further relief as this Court deems necessary and proper.

Dated this 14th day of June, 2012.

WASSERMAN & THOMAS, P.A.
12550 Biscayne Boulevard, Suite 403
Miami, Florida 33181
E-Mail: damian@wt-legal.com
Telephone: (305) 895-7547
Facsimile: (305) 895-7549

By: s/ Damian E. Thomas
    DAMIAN E. THOMAS
    FBN: 0175277