UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 12-22244-CIV-MORENO

MIGUEL S. LAWSON,

     Plaintiff,

vs.

CITY OF MIAMI BEACH, OFFICER PHILIPPE
ARCHER, OFFICER NEILL FAGAN, OFFICER
MISHART TORRES, MANGO'S TROPICAL
CAFÉ, INC., EASTERN SUN CORPORATION
d/b/a MANGO'S TROPICAL CAFÉ, and DAVID
WALLACK REAL ESTATE, LLC,

     Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants Philippe Archer, Neill Fagan, and

Mishart Torres's Motion to Dismiss the Amended Complaint **(D.E. No. 12)**, filed on **September 27,**

**2012**, and Defendants Mango's Tropical Café, Inc., Eastern Sun Corporation d/b/a Mango's Tropical

Café, and David Wallack Real Estate, LLC's Motion to Dismiss Plaintiff's Amended Complaint

**(D.E. No. 13)**, filed on **September 27, 2012**.  Plaintiff Miguel S. Lawson filed a four-count

complaint against Defendants asserting violations of the Fourth Amendment, the First Amendment,

and Florida common law.  Defendants Philippe Archer, Neill Fagan, and Mishart Torres filed a

motion to dismiss Counts I and II while Defendants Mango's Tropical Café, Inc., Eastern Sun

Corporation d/b/a Mango's Tropical Café, and David Wallack Real Estate, LLC filed a motion to

dismiss Count IV.  For the following reasons, the Court grants Defendants Philippe Archer, Neill

Fagan, and Mishart Torres's motion to dismiss Counts I and II. As dismissal of the two initial counts

removes the basis for federal question subject matter jurisdiction, the Court requests Lawson to demonstrate a basis for subject matter jurisdiction no later than **December 19, 2012**. If Lawson cannot provide a basis for jurisdiction, this Court shall decline to exercise supplemental jurisdiction over the remaining state law claims as a Florida state court is best equipped to resolve those claims.

## I. FACTUAL BACKGROUND

Plaintiff Lawson is a U.S. citizen and attorney who resides in Brazil. On June 18, 2008, Lawson flew from Sao Paulo, Brazil to Miami en route to a meeting in El Salvador. During the layover, he spent the evening at Mango's Tropical Café in Miami Beach. According to Lawson's complaint, Mango's is owned and operated by one or more of Defendants Mango's Tropical Café, Inc., Eastern Sun Corporation, and David Wallack Real Estate, LLC.

As Lawson made his way to the exit of Mango's in the early hours of June 19, he alleges that the manager or owner of the establishment began to follow him. Once Lawson had exited the building onto the sidewalk outside of Mango's, the manager confronted him and said that he had been trespassing on the premises. The manager then called over a number of Miami Beach police officers to allege that Lawson had been trespassing and was not wanted on the premises. These officers included Defendants Philippe Archer, Neill Fagan, and Mishart Torres.

After the manager initiated a criminal complaint for trespassing, the officers grabbed Lawson, ripping his shirt in the process. At this point, Lawson asked the officers to provide him with a reasonable basis for his detention. He also stated that he was a Harvard-educated attorney and had attended school with President Barack Obama. One of the officers replied, "F--- Obama, see if he can help you now." The officers then handcuffed Lawson, put him in the back of a police vehicle, and took him to jail. There, the officers completed a sworn arrest affidavit

charging Lawson with Disorderly Conduct in an Establishment in violation of Florida Statutes § 509.143, as well as Trespass on Property in violation of Florida Statutes § 810.09.

On June 19, a criminal case was initiated against Lawson in the County Court of Miami-Dade County. Reviewing the arrest affidavit, Judge Fred Seraphin determined that no probable cause had existed for Lawson's arrest and therefore dismissed the case. Yet, due to the arrest, Lawson missed his meeting in El Salvador and lost the income associated with it. Accordingly, he has brought the present suit asserting four counts against Defendants. Count I alleges that Defendants Archer, Fagan, and Torres committed false arrest in violation of the Fourth Amendment and 42 U.S.C. § 1983 as they had no probable cause to arrest Lawson for disorderly conduct or trespassing. Count II also accuses Defendants Archer, Fagan, and Torres of retaliation in violation of the First Amendment and 42 U.S.C. § 1983. Specifically, Lawson maintains that the officers arrested him in retaliation for his request for a reason behind his detention. Next, Count III contains a state tort allegation of false arrest against the City of Miami Beach. Finally, Count IV alleges that Defendants Mango's Tropical Café, Inc., Eastern Sun Corporation, and David Wallack Real Estate, LLC committed the state tort of false imprisonment by instigating the arrest that lacked probable cause.

Defendants Archer, Fagan, and Torres have now filed a motion to dismiss Counts I and II, arguing that Lawson's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and constitutes a shotgun pleading under Rule 10(b). The officers also argue that they have qualified immunity from suit. In addition, Defendants Mango's Tropical Café, Inc., Eastern Sun Corporation, and David Wallack Real Estate, LLC filed a separate motion to dismiss Count IV of the complaint, claiming that Lawson has failed to state a claim of false imprisonment under

Rule 12(b)(6).

## II. LEGAL STANDARD

Under Rule 8, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  When ruling on a motion to dismiss under Rule 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  In other words, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Twombly*, 550 U.S. at 556.

## III. DISCUSSION

### A. Count I

Regarding his allegations in Count I, Lawson contends that his disorderly conduct charge

-4-

stemmed from his request to the officers for a reason behind his arrest.  As such a request alone cannot constitute disorderly conduct, he asserts that no arguable probable existed for that charge. Additionally, Lawson argues that arguable probable cause could not have existed for his trespassing charge since he was arrested on a public sidewalk.

In their motion to dismiss, the officers initially argue that Lawson has failed to state a claim for false arrest in his complaint.  Moreover, they raise the affirmative defense of qualified immunity.  The Court will address the qualified immunity argument first.

A court may dismiss a complaint under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).  The affirmative defense of qualified immunity in particular "is intended to 'allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.'" *Brown v. City of Huntsville*, 608 F.3d 724, 733 (11th Cir. 2010) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)).  As a result, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Allen v. Gooden*, No. 11-61804-Civ-COOKE/TURNOFF, 2012 U.S. Dist. LEXIS 86726, at *3–4 (S.D. Fla. June 22, 2012) (quoting *Cottone*, 326 F.3d at 1357).

In the false arrest context, the "existence of probable cause at the time of arrest constitutes an absolute bar" to the claim. *Whittington v. Town of Surfside*, 490 F. Supp. 2d 1239, 1249 (S.D. Fla. 2007).  Probable cause is present where "the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in

themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Moran v. Cameron*, 362 F. App'x 88, 93 (11th Cir. 2010) (quoting *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990)).  Rather than demanding overwhelmingly convincing evidence, establishing probable cause requires "only reasonably trustworthy information." *Smith v. Campbell*, 295 F. App'x 314, 320 (11th Cir. 2008) (quoting *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir.1996)).

Moreover, when the defense of qualified immunity is raised, "the issue is not whether actual probable cause existed but instead whether there was 'arguable probable cause' for the plaintiff's arrest." *Id.* at 1250.  Arguable probable cause exists where, viewed objectively, "reasonable officers in the same circumstances and possessing the same knowledge as the arresting officer could have believed that probable cause existed to arrest." *Allen*, 2012 U.S. Dist. LEXIS 86726, at *5.  In fact, "qualified immunity will protect officers who make good faith mistakes." *Smith v. City of Montgomery*, No. 2:10-CV-1007-WKW [WO], 2011 U.S. Dist. LEXIS 127136, at *22 (M.D. Ala. Nov. 2, 2011).  Furthermore, the qualified immunity analysis turns only on whether actual probable cause "existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Curanaj v. Cordone*, No. 10-CV-5689 (ER), 2012 U.S. Dist. LEXIS 135101, at *20 n.8 (S.D.N.Y. Sept. 19, 2012) (quoting *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006)).

Defendants Archer, Fagan, and Torres now claim that, at the very least, they had arguable probable cause to arrest Lawson.  They claim that, at the time of the arrest, Lawson had been involved in an argument, was disruptive, and refused to leave the premises when asked by the

manager of Mango's. Because they were acting in their official capacity as Miami Beach police officers, Defendants maintain that they are entitled to qualified immunity. Lawson answers by reiterating his claim that the officers had no probable cause to arrest, actual or arguable, from either his request or his presence on the public sidewalk.

Based only on the facts presented in the complaint, the Court concludes that the officers had arguable probable cause to arrest Lawson. Specifically, arguable probable cause existed for the trespassing charge in the form of the allegation and criminal complaint initiated by the manager of Mango's. As this Court recently affirmed, police officers may generally "rely on a victim's statement to support probable cause" absent allegations indicating that their reliance was unreasonable. *See Allen*, 2012 U.S. Dist. LEXIS 86726, at \*6–7 (citing *Barr v. Gee*, 437 F. App'x 865, 877 (11th Cir. 2011)); *see also Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998) ("[V]ictim complaints ordinarily establish probable cause 'absent circumstances that raise doubts as to the victim's veracity.'" (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110. 119 (2d Cir. 1995))). In *Allen*, the Court dismissed a false arrest claim on qualified immunity grounds, finding arguable probable cause to exist based solely on a victim's uncorroborated allegations. *See Allen*, 2012 U.S. Dist. LEXIS 86726, at \*6–7. In particular, the plaintiff's complaint alleged that a cashier at the Department of Motor Vehicles falsely accused him of threatening to kill her and trying to slap her after he questioned the cashier's decision to let someone cut him in line. *See id.* at \*1–2. When the cashier repeated these accusations to a Florida Highway Patrol officer, the officer detained the plaintiff and told him that he would be charged with making a threat to a public official. *See id.* at \*2. Though the officer eventually released the plaintiff after determining that the matter was a miscommunication, the plaintiff

-7-

filed a false arrest claim.  Determining that the officer was immune from suit, this Court found

that "[b]ased on [the cashier's] statement, [the officer] had, at a minimum, arguable probable

cause that Plaintiff committed a crime." *Id.* at *6.  The Court also rejected the plaintiff's

argument that the officer was required to corroborate the cashier's allegations, holding instead

that the officer was entitled to rely on the allegations as the complaint did not contain any facts

indicating that such reliance was unreasonable. *See id.* at *6–7.

As in *Allen*, Lawson's complaint on its face demonstrates that the officers here had

arguable probable cause to arrest Lawson for trespassing.  Lawson alleges that the officers

detained him after the manager flagged the officers down outside of Mango's and initiated a

criminal complaint against him for trespassing on the premises.  This statement to the officers

thus offered the same sort of support for arguable probable cause as existed in *Allen*.[1]

Additionally, the complaint contains no facts suggesting that the officers' reliance on the

manager's statement was any less reasonable than the reliance exercised by the officer in *Allen*.

Finally, the fact that the charges were later dismissed for lack of probable cause does not compel

a finding of a lack of *arguable* probable cause at the time of the arrest as qualified immunity

permits officers to make good faith mistakes. *See Smith*, 2011 U.S. Dist. LEXIS 127136, at *22;

*see also Urbanique Prod. v. City of Montgomery*, 428 F. Supp.2d 1193, 12 (M.D. Ala. 2006)

(holding that "[e]ven if [a] court independently agreed with [a magistrate judge's] ruling as to the

absence of probable cause, such a finding would not present an obstacle to [the] court finding

that it was reasonable for [officers] to believe that they had a good faith basis for their actions in

---

[1] As explained further below, the facts presented in the complaint also do not support Lawson's conclusion
that the arrest was executed as a retaliation for his request for a rationale behind his arrest.

-8-

arresting" an individual). Since the officers therefore had arguable probable cause to arrest Lawson for trespassing, the officers are entitled to qualified immunity. The Court accordingly dismisses Count I.

### B. Count II

In Count II, Lawson argues that the officers detained him in retaliation for informing them that he was an attorney and for requesting the reason underlying his arrest. As evidence, Lawson points to the officer's reply, "F--- Obama, see if he can help you now." The officers now move for dismissal of Count II on a number of grounds. As with Count I, they first contend that Lawson's complaint fails to state a claim for retaliation under Rule 12(b)(6).

To state a First Amendment retaliation claim, a plaintiff must establish "first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). To establish this final requirement of a causal connection, "the plaintiff must allege that the protected conduct was the 'motivating factor behind the defendants' actions.'" *Abella v. Simon*, No. 11-16124, 2012 U.S. App. LEXIS 15439, at *3 (11th Cir. July 26, 2012) (quoting *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008)). A court may also infer this retaliatory motive from the circumstances. *See Lippman v. City of Miami*, 719 F. Supp. 2d 1370, 1374 (S.D. Fla. 2010).

The officers maintain that Lawson's complaint lacks the necessary facts to support the causal connection requirement of the retaliation claim. Beyond unsubstantiated legal conclusions that the officers' actions "were taken in retaliation for Lawson's lawful exercise of his rights

under the First Amendment," Compl. ¶ 44, the officers argue that the complaint is devoid of any facts indicating a retaliatory motive.

Lawson in response stresses the Court's ability to infer a retaliatory motive from the officer's statement about President Obama. In doing so, he relies on two cases where a court found such a motive to be implied from the circumstances. *See Lippman*, 719 F. Supp. 2d at 1374; *Kilpatrick v. United States*, 578 F. Supp. 2d 1339, 1348 (N.D. Fla. 2008). In *Lippman*, the court denied a request to dismiss a reporter's complaint that alleged that a search of the reporter's truck by FBI agents constituted retaliation. *See Lippman*, 719 F. Supp. 2d at 1374. Since the complaint asserted that the FBI conducted the search due to the reporter's status as a known protestor with history, the court found that "a retaliatory motive [could] be inferred." *Id.* Similarly, the court in *Kilpatrick* held that the plaintiff had sufficiently alleged retaliation when she claimed that a Bureau of Alcohol, Tobacco, and Firearms ("ATF") agent stopped and questioned her for writing that she had on her van. *Kilpatrick*, 578 F. Supp. 2d at 1348. In particular, the plaintiff had been driving around federal buildings on the anniversary of the ATF's siege of the Branch Davidian Church in Waco, Texas in a van with the phrases "Remember the Children of Waco" and "Boo ATF" written on the windows. *Id.* at 1343. Once her van was stopped, the plaintiff alleged that the agent searched the van without her consent, questioned her about the writing, and advised her to wash the writing off. *Id.* at 1344. In determining that the plaintiff had adequately alleged a retaliatory motive, the court found that the agent's "admonishment to Plaintiff to remove the writing from her van implie[d] that her exercise of free speech provided the impetus for the stop." *Id.* at 1348. Lawson now urges the Court to infer a similar retaliatory motive from the officer's response to Lawson's request for a reason behind his

-10-

arrest.

Even with this precedent, the Court nevertheless dismisses Count II of the complaint as the officer's response fails to support Lawson's allegation that the arrest constituted retaliation for his request to the officers. Unlike *Lippman* where the plaintiff alleged that the FBI pursued him as a known protestor with history, or *Kilpatrick* where the court inferred a motive from the agent's request that the plaintiff remove the writing from her van, there is nothing to suggest from the officer's statement here that Lawson's comment provided the impetus for the arrest. Indeed, in approaching Lawson, the officers were responding to the manager's criminal complaint for trespassing. *See* Compl. ¶¶ 20–22. That the officer replied to Lawson's remark that he was a Harvard-educated attorney who had studied with President Obama does not imply that the officers were then making the arrest in retaliation for Lawson's statement. To suggest that the officer's response was anything more than an impulsive comment made during the course of an arrest would be the type of "sheer possibility" that cannot survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. As the complaint lacks further details on the matter beyond unsubstantiated legal conclusions that the officers made the arrest "in retaliation for Lawson's lawful exercise of his rights under the First Amendment," Compl. ¶ 44, the Court grants the officers' motion to dismiss Count II.

### C. Counts III & IV

With the dismissal of the bases for federal question subject matter jurisdiction in Counts I and II, the Court declines to exercise supplemental jurisdiction over the remaining counts absent a showing from Lawson that an alternative basis for subject matter jurisdiction exists. As a fundamental constitutional tenet, federal courts are "courts of limited jurisdiction." *Jallali v.*

*Nat'l Bd. Of Osteopathic Med. Exam'rs*, No. 12-60548-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 107999, at *18 (S.D. Fla. Aug. 2, 2012). Federal courts only have subject matter jurisdiction over a matter when there exists a question of federal law or there is diversity of citizenship between the parties. *See* 28 U.S.C. §§ 1331, 1332 (2012). Though a district court may in certain instances exercise jurisdiction over state law claims that are related to concurrent claims already serving as a basis for federal jurisdiction, *see id.* § 1367(a), the court may decline to exercise this supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). In fact, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Additionally, "[c]onsiderations of practicality and comity counsel that a state judge is best equipped to resolve state claims." *Eagletech Commc'ns Inc. v. Citigroup, Inc.*, No. 07-60668-CIV-GOLD/McALILEY, 2008 U.S. Dist. LEXIS 49432, at *58–59 (S.D. Fla. June 25, 2008).

Consequently, the Court shall dismiss Counts III and IV without prejudice for lack of subject matter jurisdiction unless Lawson can demonstrate an alternative basis for jurisdiction. Lawson shall file this showing of an alternative jurisdictional basis no later than **December 19, 2012**.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that:

(1) Defendants Philippe Archer, Neill Fagan, and Mishart Torres's Motion to Dismiss

-12-

the Amended Complaint **(D.E. No. 12)**, filed on **September 27, 2012**, is GRANTED.

(2) Lawson shall demonstrate a valid basis for federal subject matter jurisdiction no later

than **December 19, 2012**.  Failure to do so will result in dismissal of Counts III and IV without

prejudice.


DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December,

2012.


FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record